| STATE OF INDIANA | IN THE NEWTON CIRCUIT/SUPERIOR COURT |
|---|---|
| COUNTY OF NEWTON | 56C01-2306-CT-000609<br>CASE NO.:_____ |

**ALEXANDRA DZIADON**
        Plaintiff,

v.

**STATE FARM FIRE AND CASUALTY COMPANY**
        Defendant.

# COMPLAINT

COMES NOW Plaintiff, **Alexandra Dziadon** ("Plaintiff"), by counsel, Ashford DiMartino, P.C., for her claims against **State Farm Fire and Casualty Company** ("Defendant") state as follows:

## THE PARTIES

1) At all times relevant herein, Plaintiff has been residing in Newton County, Indiana.

2) At all times relevant hereto, Plaintiff owned certain real estate and improvements located at 304 E. Carroll St., Kentland, IN 47951 (the "Residence").

3) At all times relevant hereto, Defendant is and has been an insurance company, doing business and selling policies of Homeowners' insurance in the state of Indiana.

4) At all times relevant hereto, Defendant has been licensed by the Indiana Department of Insurance to issue homeowners' insurance policies to Indiana residents and has been doing business in accordance therewith.

## THE POLICY

5) At all times relevant hereto, Defendant issued a Homeowners Policy, Policy Number 14-CPL-420-1 to Plaintiff (the "Policy"), which specifically covered the Residence. [A

copy of the Policy, with the coverage term of 1/30/2021 through 1/30/2022 is attached hereto and incorporated herein as Exhibit "A".]

6) The Policy provides coverage for accidental direct physical loss to the Dwelling.

7) Plaintiff paid all Policy premiums that became due during the Term, for all coverages and Endorsements.

8) The Policy remained in force throughout the duration of the Term, and thereafter was renewed.

### THE CLAIMS

9) On or about 6/26/2021, Plaintiff's dwelling sustained damage from a hail and wind storm (the "Loss").

10) Shortly thereafter, Plaintiff reported her claim to Defendant.

11) Defendant received timely notice of the damage claim, and further assigned it Claim Number 14-21N3-36L (the "Claim"), with a date of loss of 6/26/2021.

12) Defendant inspected the property and determined that it was a covered loss.

13) Plaintiff fully complied with all terms and conditions precedent under the Policy pertaining to the provision of coverage and/or the issuance of payment for all losses associated with the Claim.

14) Plaintiff has not excused Defendant's non-performance of its obligations under the Policy.

15) Plaintiff has satisfied any and all preconditions to coverage, or to filing suit, or the same have been waived by Defendant.

16) Plaintiff further submitted a Proof of Loss, with a detailed estimate of the replacement cost for the repairs for the Dwelling, but Defendant has failed and refused to pay for

the replacement cost for her Dwelling.

17) At all times relevant hereto, Defendant has acted by and through its employees and agents in its handling of the Claim.

## COUNT I – BREACH OF CONTRACT

1-17. Plaintiff, repeats and re-alleges rhetorical paragraphs 1-17, as if fully reincorporated herein.

18) The Policy is a valid contract ("Contract") between Plaintiff and Defendant.

19) In addition to the provisions in the Policy, amendments and endorsements, the Contract further includes additional provisions required by law, as well as an obligation by Defendant to exercise a covenant of good faith and fair dealing toward Plaintiff.

20) Defendant has breached its Contract with Plaintiff in one or more of the following ways:

    a) Misrepresenting the terms and conditions of coverage;

    b) Failing and refusing to pay for the replacement cost and/or actual cash value and depreciation for Plaintiff's damaged property;

    c) By failing and refusing to pay Plaintiff in accordance with certain agreements entered and/or unilaterally terminating and/or breaching agreements entered with Plaintiffs regarding her claim;

    d) Misrepresenting Defendant's policies regarding payment of coverages;

    e) Failing and refusing to pay the cost to replace Plaintiff's damaged property, without legal excuse or justification;

    f) Failing and refusing to pay Plaintiff pursuant to the replacement cost coverage for which Plaintiff has paid additional premiums and costs;

    g)     Unnecessarily delaying the handling of the Claim, without legal excuse or justification;

    h)     Intentionally misleading and/or deceiving Plaintiff;

    i)     Failing and/or refusing to properly inspect and/or investigate the loss; and

    j)     Failing to exercise good faith and fair dealing in its handling of Plaintiff's Claim.

21)     As a direct and proximate result of Defendant's breach of contract with Plaintiff, Plaintiff has suffered consequential damages, including but not limited to:

    a)     The loss and damage to their property without indemnification provided for in the Policy;

    b)     The loss of use of their property and other insurance benefits;

    c)     The increased cost to repair and/or replace their property insured;

    d)     Depreciated amount of real and personal property; and

    e)     Other consequential damages.

WHEREFORE, Plaintiff, Alexandra Dziadon, by counsel, respectfully requests judgment in her favor and against defendant State Farm Fire and Casualty Company, and further requests the following relief:

    A.     For the payment of all proceeds available and due under the Policy;

    B.     For all reasonable compensatory and consequential damages;

    C.     For recoverable pre-judgment and post-judgment interest; and recoverable attorney fees and costs; and

    D.     For all other just and proper relief in the premises.

Respectfully submitted,

ASHFORD DIMARTINO, P.C.

BY: C. ANTHONY ASHFORD, 19253-02

*/s/ C. Anthony Ashford*
Attorney for Plaintiff
334 W. 806 N.
Valparaiso, IN 46385
P: (219) 728-5210
F: (219) 728-5210
cashfordlaw1@gmail.com

### COUNT II – BAD FAITH/BREACH OF COVENANT OF GOOD FAITH

1-21.   Plaintiff repeats and re-alleges rhetorical paragraphs 1-21, as if fully reincorporated herein.

22)   In addition to breaching its Contract with Plaintiff, Defendant further breached its covenant of good faith and fair dealing with Plaintiff in one or more of the following manners:

    a)   By making an unfounded refusal to pay policy proceeds to Plaintiff;

    b)   By causing an unfounded delay in making payment to Plaintiff for her damaged property;

    c)   By misrepresenting pertinent facts and insurance policy provisions relating to the claims and coverages at issue;

    d)   By attempting to exercise any unfair advantage to pressure Plaintiff into a settlement of her claim;

    e)   By failing and refusing to pay Plaintiff in accordance with certain agreements entered and/or unilaterally terminating and/or breaching agreements entered with Plaintiff regarding her claim;

    f)   By compelling Plaintiff to institute litigation to protect policy benefits due under the policy, by intentionally and improperly delaying a decision.

    23)     Defendant's actions were made in bad faith and/or a breach of the covenant of good faith and fair dealing, and has resulted in additional injury and damage to Plaintiff, including but not limited to consequential damages and emotional distress.

    WHEREFORE, Plaintiff, Alexandra Dziadon, by counsel, respectfully request judgment in her favor and against Defendant, State Farm Fire and Casualty Company, and further requests the following relief:

    A. For all reasonable compensatory and consequential damages at law;

    B. For all recoverable punitive damages at law;

    C. For recoverable pre-judgment and post-judgment interest; and recoverable attorney fees and costs; and,

    D. For all other just and proper relief in the premises.

ASHFORD DIMARTINO, P.C.
BY: C. ANTHONY ASHFORD, 19253-02
/s/ C. Anthony Ashford_____
Attorney for Plaintiff
334 W. 806 N.
Valparaiso, IN 46385
P: (219) 728-5210
F: (219) 728-5210
cashfordlaw1@gmail.com

### COUNT III – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

    1-23.     Plaintiff repeats and re-alleges rhetorical paragraphs 1-23, as if fully reincorporated herein.

    24)     In addition to breaching its Contract with Plaintiff, and otherwise engaging in bad faith, Defendant, by and through its employees and agents, engaged in extreme and outrageous conduct that intentionally and/or recklessly caused severe emotional distress to Plaintiff.

    WHEREFORE, Plaintiff, Alexandra Dziadon, by counsel, respectfully requests judgment

in their favor and against Defendant, State Farm Fire and Casualty Company, and further requests the following relief:

    A.    For all reasonable compensatory and consequential damages at law;

    B.    For all recoverable punitive damages at law;

    C.    For recoverable pre-judgment and post-judgment interest; and recoverable attorney fees and costs; and,

    D.    For all other just and proper relief in the premises.

Respectfully submitted,
ASHFORD DIMARTINO, P.C.
BY: C. ANTHONY ASHFORD, 19253-02
/s/ C. Anthony Ashford_____
Attorney for Plaintiff
334 W. 806 N.
Valparaiso, IN 46385
P: (219) 728-5210
F: (219) 728-5210
cashfordlaw1@gmail.com

## JURY DEMAND

**PLAINTIFF, BY COUNSEL, HEREBY DEMANDS TRIAL BY JURY.**

Respectfully submitted,
ASHFORD DIMARTINO, P.C.
BY: C. ANTHONY ASHFORD, 19253-02
/s/ C. Anthony Ashford_____
Attorney for Plaintiff
334 W. 806 N.
Valparaiso, IN 46385
P: (219) 728-5210
F: (219) 728-5210
cashfordlaw1@gmail.com

## CERTIFICATE OF FILING

*I certify that on June 19, 2023, I electronically filed the foregoing document using the Indiana E-Filing System (IEFS).*

BY: /s/ C. Anthony Ashford